UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. CR06-26-RSL-JPD |
| ) | |
| v. ) | |
| ) | |
| ROBEL MEKONEN, ) | DETENTION ORDER |
| ) | |
| Defendant. ) | |
| _____ ) | |

Offenses charged:

Count 1: Conspiracy to Distribute Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(A), and 846.

Counts 16 through 20: Distribution of Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

Count 21: Possession of Cocaine with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

Date of Detention Hearing: February 14, 2006.

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds the following:

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) Pursuant to 18 U.S.C. § 3142(e), there is a rebuttable presumption that defendant is a flight risk and a danger to the community based on the nature of the pending charges.

01   (2)   Defendant was born in the Republic of the Sudan and moved to the United States with his parents at an early age. His parents and three siblings reside in Charlotte, North Carolina.

04   (3)   Defendant has had past substance-abuse issues, and it appears that those problems are ongoing.

06   (4)   A criminal background history check reveals several prior drug-related charges and arrests, both as a juvenile living in Pennsylvania and as an adult living in Washington.

08   (5)   Although defendant denies the accusation, it is alleged that he is associated with the East African Posse street gang, which is reported to be involved heavily in criminal activity, including violent activity. This is part of the conspiracy charge in the first count of the indictment.

12   (6)   Defendant's instant charges are serious offenses, and he faces a mandatory minimum sentence if convicted.

14   (7)   The defendant appears to have lied to his uncle about his employment, which raises questions about the continued suitability of his uncle's apartment as a primary residence.

16   (8)   There is conflicting information regarding defendant's residence, immigration status, and employment.

18   (9)   There are no conditions or combination of conditions that will reasonably assure the appearance of defendant as required, or the safety of the community

20   IT IS THEREFORE ORDERED:

21   (1)   Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

25   (2)   Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 15th day of February, 2006.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge